IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Geralynn Hartman, | ) | Civil Action No.: 4:20-cv-1264-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Andrew M. Saul, | ) | |
| Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Plaintiff Geralyn Hartman's ("Plaintiff") Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 29.) Plaintiff's counsel ("Counsel") seeks an award of attorney's fees in the amount of $4,458.75 and expenses in the amount of $16.00. (*Id.* at 2.) Defendant filed a Response and does not oppose an award of $4,458.75 in attorney's fees and $16.00 in expenses. (ECF No. 30.)

The EAJA provides that a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d). A district court is accorded "substantial discretion in fixing the amount of an EAJA award" but is charged with the duty to ensure that the final award is reasonable. *Hyatt v. Barnhart*, 315 F.3d 239, 254 (4th Cir. 2002) (citing *INS v. Jean*, 496 U.S. 154, 163 (1990)).

After reviewing Plaintiff's Motion (ECF No. 29), Counsel's Supporting Brief (ECF No. 29-1), Plaintiff's Fee Agreement (ECF No. 29-2), Counsel's Time and Expense Sheets (ECF Nos. 29-3; 29-5), Counsel's Declaration of Plaintiff's Wealth (ECF No. 29-4), and Defendant's Response (ECF No. 30), the court finds that Counsel's request for attorney's fees is reasonable.

1

Counsel successfully represented Plaintiff before the court, there is no evidence of substandard attorney services, and the amount of the award is not extraordinarily large in comparison to the amount of time Counsel spent on the case. (*See* ECF Nos. 27; 28; 29; 29-1; 29-3; 29-5.)

In accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), EAJA fees awarded by this court belong to the litigant and are subject to the Treasury Offset Program, 31 U.S.C. § 3716 (2006). Therefore, the court directs that the fees be payable to Plaintiff and delivered to Counsel. The amount of attorney's fees payable to Counsel will be the balance of attorney's fees remaining after subtracting the amount of Plaintiff's outstanding federal debt. *See* 31 U.S.C. § 3716. If Plaintiff's outstanding federal debt exceeds the amount of attorney's fees, the amount of attorney's fees will be used to offset Plaintiff's federal debt and no attorney's fees shall be paid. (ECF No. 30)

The court **GRANTS** Plaintiff's Motion for Attorney's Fees (ECF No. 29) and awards Plaintiff $4,458.75 in attorney's fees and $16.00 in expenses.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 17, 2021
Columbia, South Carolina